The United States Court of Appeals for the Federal Circuit is now open and in session by the State of the United States and its Honorable Chair. Our first case this morning is TYRUES v. the Veterans Administration. Did I say that right, Mr. Carpenter? Yes, sir. I got lucky. You may proceed. Thank you very much. Thank you, Mr. Chairman. May it please the Court, Mr. Carpenter, bearing on behalf of Mr. Tyrues. Mr. Tyrues appeals the dismissal of a portion of his appeal of two board decisions that he appealed based upon a 1998 board decision and a 2004 board decision. We believe that the Veterans Court improperly dismissed that portion of Mr. Tyrues' appeal Mr. Carpenter, veterans are always here asking for earlier appeals and to move things along, and now we have the interesting instance of a veteran who wants to wait five years before he has his case heard. Is this, in a grander policy sense, is this helping veterans or hurting them? Well, Your Honor, the circumstance here is that the control of this case was taken out of Mr. Tyrues' control. He either had to appeal or had to wait. Well, that depends upon whether he read the notice or not. Well, no, no. It depends on whether or not he understood the rules of appealability and as this case occurs. The notice which told him he had to appeal, but those rules also indicate that he cannot appeal a remanded decision, and his appeal, his original appeal in 1998 only asked for compensation for one condition, and they denied under one theory and remanded under another theory. Okay, we'll go into those specifics now, but just for a second, could you hit that big policy point with me? Do we really want to get into the game of splitting these up and letting some things go for five years and others, the veterans, pushing for an immediate appeal? What's in the overall veteran's best interest here? It is in the veteran's overall best interest that the claims be fully adjudicated initially on all theories, and that didn't happen in this case. And therefore, the burden falls on the VA for that mistake. The Board of Veterans' Appeals recognized that mistake and sent it back to the VA. Okay, I think I understand you don't want to answer my question. No. Let me see if I can ask the question, but I think Judge Rader is getting at it in a different way. Let's suppose there are two claims. One, in service, a veteran fell off a truck and injured his leg, and there are effects of that later on. And the second claim is that his hearing was damaged by artillery fire. And those two claims are brought before the RO at the same time. What possible interest is there in delaying an appeal for the leg claim until there's a resolution of the hearing claim? I don't think there is a basis in that context, Your Honor. In the context in this appeal, when you're dealing with the same claim, all he's ever claimed is a respiratory condition. That post-service, he has a respiratory disability. You're saying that they're inextricably intertwined. Absolutely. Because there are two roads. So unless they're inextricably intertwined, there's no interest in deferring the appeal or allowing the appeal to be deferred. No, and I don't read that. I mean, yes. Yes, there's no interest. Yes, there is no. I'm sorry. Excuse me. I meant to say yes. No, because in that circumstance, you're dealing with clearly severable bases for the right to the benefit. The only time that that might be different is when you're dealing with multiple claims for increased compensation for different benefits. In that context, you're dealing with potentially issues that expand beyond the scheduler context because the VA has an extra scheduler rating criteria that includes consideration of all of those. So if we went back to the Harris decision and the Harris test, that would solve all the policy problems? Potentially, I think it would, Your Honor, except that the problem then becomes what does the court do when there is a premature decision by the board of some of the issues and not all of the issues when the case goes back up to the Veterans Court? Clearly, the court does have jurisdiction at that point to correct that mistake for not dealing with all of the inextricably intertwined issues. If we go back to the Harris test, then the veteran has to make a determination on whether to appeal when one part of the case was adjudicated and another part of the case was remanded. The veteran has to make a determination on whether those are inextricably intertwined. Now, if the veteran says, yeah, I think they are and holds off filing an appeal and then subsequently files the appeal and there is a determination that no, no, they are not inextricably intertwined and you should have therefore appealed the one separate claim, the statute is run, you are out of luck. So, I take it that your position is that you would like us to return back not only to Harris, but Harris with a Brownlee gloss. Absolutely, Your Honor. And that is why I started with Brownlee because it seems to me that Brownlee really addresses at least for the facts of this case, the problem that exists. For the broader problem that Judge Rader is asking me to address, you do have that problem as you have identified it. But you are introducing an incredibly difficult decision as to what is inextricably intertwined in putting the veteran's rights in jeopardy based on that call. Why not just allow sequential appeals? He gets the earliest possible compensation in both appeals. He can go as quick as he wants up on the truck leg injury and the hearing injury will be remanded and he may have to wait five years, but he gets his compensation for his leg early and his hearing later. Isn't that what the veteran wants? He wants early compensation and not have to wait five years on the leg. In the hypothetical and in the abstract, you are absolutely correct. That did not and would not apply to Mr. Tyrous. But see, now you are going to introduce these inextricably tied with a Brownlee overlay which what veteran, let alone veteran's attorney, is going to understand that? How many of them are going to lose on those issues when all they have to understand is appeal according to what you are told? Appeal the peace as early as you can? As I understand this Court's analysis in Brownlee, what is intended to be avoided is those kinds of premature appeals as was analyzed in the Roebuck case below that you don't want to be wasting judicial resources to appeal a matter that could have been resolved favorably to the veteran on remand. See, the problem here is under that alternative theory, had the case on remand been resolved in favor of the veteran, then his appeal would have been mute. So you are arguing in favor of helping the court rather than the veteran this time around? No. To me, they are inextricably intertwined. You help the veteran by helping the court have an understanding of the precise dilemma that Judge Lind just described and as you are articulating for the difficulty that the veteran faces when he doesn't know for sure what the effect is of the board's decision. But what about, suppose the R.O., let's take this case, the R.O. decides the lung claim and denies the lung claim but doesn't decide the Gulf War Syndrome claim. Under the statute, under the regulations, he must go from the R.O. to the board or forever lose his right of appeal to the board, correct? So what you are saying is yes, he has to appeal to the board but he doesn't have to appeal to the Court of Appeals for Veterans Claims. That's correct because the board can, as it did in this case, say, VA, you missed a reasonably raised legal basis for entitlement and you must now re-adjudicate that. And the question then becomes was it appropriate for the board to have issued a final decision on the first theory as opposed to deferring it? But if it's inextricably intertwined, why should he have to appeal to the board in the first instance? Why can't he just wait to do anything until the resolution of both claims? Because in this case, neither he nor his representative understood that there was another basis for that entitlement. I don't see that as an answer. You're saying yes, he has to appeal to the board but no, he doesn't have to appeal to the Court of Appeals for Veterans Claims. Why does that make sense? He shouldn't have to be required. The rule in Broward is that you could have appealed, you had the right to appeal, but you don't have to exercise that right until the administrative agency is done. I'm talking about the appeal from the RO to the board. You agree, and I've read the statute, you agree that he must appeal to the board from the RO without a decision denying his loan claim. And if he does not, then that decision is gone. But you're saying, but at that point, he can stop. He doesn't have to appeal to the Court of Appeals for Veterans Claims, he can stop at the board. I don't know what you mean by stop at the board. Wait until the other one is done. If there is another issue raised, another basis for entitlement that is raised by the evidence and identified by the board. That's what happens here. If he raises both theories, and I'm sorry, maybe I misunderstood, that he was raising both theories in the beginning, then clearly, yes, he should be entitled to make that election. It should be discretionary. Why does that make sense, to say that he must appeal to the board, but that he need not appeal to the Court of Appeals for Veterans Claims? I don't know that it necessarily makes sense, but those are the rules that exist within the VA administrative appellate process. We're talking about the appeal to obtain judicial review, not  administrative appellate review, which is, in fact, what he is being deferred in obtaining. It's when that's finally done that his appeal should be at least allowed the discretion to have been continued under both theories, so that the first decision, as well as the second decision, as in this case, are subject to review by the Veterans Court, and that's what was denied here. I see that I'm getting to my reserve time, unless there's any further questions. Thank you, Mr. Carpenter. We'll give Mr. Carpenter his entire five minutes, and if you'd give Mr. Hockey an additional two, that will keep us even. Mr. Hockey, you may proceed. May I please, in court? What the Veterans Court did in this case was create a bright-line rule for the entire Veterans community to understand the implications of its appeal statute in 120 days that are available to appeal a final court decision. Mr. Hockey, it seems to me that in some ways what the Veterans Court did was to was an example of sort of the exception swallowing the rule. The normal rule is that a case is not reviewed until it's final. In an administrative setting, there are some exceptions. It seems to me what the Veterans Court has said is, well, that exception now applies in every single case. If there's part of it, whether it's inextricably intertwined or not, that's final. You've got to appeal it. The Veterans Court can decide whether it wants to take it or not. Maybe they'll say it's not prudent and send it back, but you've got to appeal it. Is that what happened? Well, I appreciate the characterization. I think it's been 20 years since Harris came out and articulated the inextricably intertwined rule, which the Veterans Court has used since that time, and this Court has used in numerous cases. But the context of all those cases were timely appeals. You had basically the situation where the individual does follow the direction of the notice of appeal and files his claim within 120 days and then the determination is made, primarily based upon a pragmatic consideration of judicial economy, not to take jurisdiction over the finally decided claim because it was determined to be inextricably intertwined with... But those decisions weren't prudential. Harris wasn't prudential. Our decisions weren't prudential. We were saying this is the test for appellate jurisdiction. The Court of Appeals for Veterans Claims and our Court were saying if they're inextricably intertwined, there is no jurisdiction. It's not appealable until all the claims are resolved, right? That's what this Court has said in interpreting its rule, yes, like in Elkins which was, I think, 1792. The Veterans Court attempts to distinguish that by saying, in this case, we're saying that a decision is final when the Board says it's final. Why should there be a different test for Veterans Court jurisdiction and for our jurisdiction? I think as one basis to distinguish between your jurisdiction and the Veterans Court's jurisdiction is the Veterans Court is directly reviewing agency action, whereas this Court's actually reviewing court action and there could be more flexibility In fact, the Supreme Court suggests that there should even be more flexibility when the question is whether the Court is directly reviewing the agency action. So, in this case, the Veterans Court's directly reviewing the agency action saying, well, we appreciate the pragmatic concern of judicial economy, which we have articulated before and this Court's articulated with respect to its determination about whether it's going to take jurisdiction over a decided issue, if you will. But in this case, we feel that an equally important pragmatic consideration, one that this Court also relied upon in Elkins to increase the flow of benefits to the Veteran, trumps the judicial economy. So, the Veterans Court has articulated that theory to support its finding that the 120-day rule is just that, 120 days. If you have a finally decided claim which is clearly identified in the decision as it was in this case and has been, as we point out, especially A2 of our supplemental addendum, and that notice informs the Veteran that if there's been a adverse decision in this board decision, you have 120 days to appeal. But how does it hurt the Veteran to allow the Veteran to wait where the claims are inextricably intertwined? Well, who makes the determination about what's inextricably intertwined? Not the Veteran. The Court does. But how does it hurt the Veteran to say the Veteran can elect to wait under those circumstances? And the Veteran could be faced with a situation like Mr. Tyrus could have been faced with here, that his claim is not inextricably intertwined, but the added aspect of waiting is this potential untimeliness finding, which is not there if he followed the directions of the notice of appeal. Would the PTSD have been inextricably intertwined with the lungs? Well, no. In this case, it was PTSD. It was a Gulf War syndrome. So the Secretary's position below was that they were not inextricably intertwined because they involved different theories and different types of development. That issue wasn't resolved by the Veterans Court. Instead, they came with this test now, which I think is as Judge Linn indicated earlier, what Mr. Tyrus wants is really not, they didn't say Harris. He doesn't really want the inextricably intertwined because he loses on that too. He could lose on that, but we don't know because that hasn't been determined. Certainly, it was the Secretary's position below that they were not inextricably intertwined. Mr. Heike, it seemed to me, correct me if I'm wrong, but I understood you saying a minute ago that the difference in the sort of standard appealing to the Veterans Court compared to the statutory requirement to appeal before our court is that in the Veterans Court context that some more flexibility is appropriate. Well, I suggested that in the sense that that's certainly been something that the Supreme Court has said in either FTC or Port of Boston. That strikes me as a little odd given the fact that the statute defining the appellate jurisdiction of the Veterans Court does at least mention finality, whereas the statute regarding our jurisdiction does not. Well, the notice of appeal 7266 does, but 7252 other than in the heading, but in the text of the body it says, shall have exclusive jurisdiction to review decisions, which is similar to the 7292. I mean, they're similar, but in terms of making a distinction, in that respect it looks like the statutory requirement if anything is more explicit in appealing to the Veterans Court with respect to finality is not more flexible. One thing I would mention, though, which actually was raised by the dissent, but I think when you think about what the dissent suggests, it actually counsels for what the Veterans Court and the majority did in this case, which is the interlocutory review, which 7292B would allow this court to conduct, whereas there's no similar 7292B in 7252, which would suggest that when the court's trying to determine what the best approach would be and take into account these interests of promoting the flow of benefits, it's logical that they took the step that they did in this case to suggest that you have to bring everything in at once and then go apply Harris, rather than letting the discretion of when to timely or excuse me, when to appeal remain with the claimant appellant. Doesn't 7292B suggest that there is a finality requirement for appeal here, since it separately provides for interlocutory appeals? Well, this court, I don't know if this court's actually directly addressed that. No, it hasn't, I don't think. But I'm asking you, doesn't the existing interlocutory appeal provision suggest that normally it's a finality requirement? That's, I believe, what Judge Freeman suggested in dissent in Elkins. But this court, in the majority in Elkins, simply just said we're applying the finality rule. And in that case, which, you know, the court found that there was a basis to distinguish, like in your hypothetical, although I think that even in Elkins the claims were even more closely related. But you both seem to agree that if the claims are unrelated, you've got to appeal. The fact that you have two pending claims at the same time doesn't excuse Which would, I think, support the Veterans Court's decision in this case, because by having a rule, a bright line test which tells the veteran, don't take the chance, then you're protecting the veteran. And frankly, I don't know who would counsel a veteran when there was some suggestion. I mean, I've been doing this for a long time, and I've been aware of the inextricably intertwined rule for a long time, and I wouldn't want to be a person who would suggest to somebody, I think we can wait here, because this is inextricably intertwined. You don't know how that's going to come out. So the fact that we've waited 20 years since Harris to even see this type of problem develop suggests to me that it's not a big sea change we're talking about. I think most people follow the appeal language, timely appeal their decisions, and when you shepherdize Harris, you see that Harris comes up over and over in the context of the decision to not take jurisdiction because it's inextricably intertwined. And that's going to remain. We're still going to have Harris. And the five or six decisions that have, as I understand, have been issued since Tyroo's, the question, when it's been presented, is in the timely appeal situation in which the court has said we're not going to review this now, we're going to send it back. And they've created a nice sort of procedural step where now the veteran is comforted by knowing I have done what I needed to do to protect my rights and I have gotten a remand order from the veterans court back to the board protecting me from raising, or allowing me to raise this issue in the future. What do they do under those circumstances? They remand both claims? In the five decisions that I reviewed, they remand well, they came up in the context of one of the claims had been remanded by the board and the other one was finally decided under the order section. So the one that's finally decided gets remanded? It goes, it gets timely appealed and then the veterans court, in those cases in which this has been an issue, and there may have been other cases in which they've just gone ahead and reviewed it because it wasn't related, I don't know but in those cases where Tyroo's has been remanded. They've remanded the disallowed claim? The disallowed claim. They have concluded by applying to Harris an inextricably intertwined test, and in there they know Harris has only been overruled in part. They still follow the test and they still apply an inextricably intertwined and if they find it is inextricably intertwined they will remand it so as to not violate the port of Boston prong about having But that's the court making the call or the veteran? The court is making the call. So the veteran doesn't stand the chance to lose if he makes the wrong call? He's entirely protected in that sense. He's following the direction of the Notice of Appeal language he's brought the claim to the court and let the court make the call while there is no question about untimeliness on the table. In those cases is the veteran arguing for the remand of the disallowed claim? Either remand or reversal I don't know. Well it makes a difference. As to whether the veteran is saying I want to wait so please remand this. Well I think either way What the veteran is arguing in those cases is that there was error below I don't think he's asking for a protective remand. I think he's asking for either reversal on the legal grounds or a remand for additional development saying that maybe the reasons and basis weren't sufficient or something like that. So he's not saying let me wait? I don't think he's saying let me wait. I think he's asking for some relief and what the court is saying is either we can't touch this now because it's too closely related to what is already taking place on remand. But that's not to say that the court hasn't done what you suggest and outright reversed. I just can note that in those cases where I shepherdized this particular issue, that's how the court has been discussing it. But again overall the Supreme Court has suggested that when trying to determine when to interpret finality and impose the court upon the process there's some flexibility in the approach. They are dependent on pragmatic type considerations. In your view in a situation where it's an extracurricular point and the veteran says I really don't want to bring this up and the court appeals for a veteran's claims at this point, I want to bring it up later could he file a protective appeal and say I'm doing this as a protective appeal but please remand it so I don't have to go to the expense of briefing and arguing this point now? I'd like to do it later? I don't know why he couldn't do that. I suspect what the court might do is just to deal with the issue and say we agree it's an extricably intertwined although I don't know why maybe the court couldn't do what you suggest and say alright we won't deal with that and we will remand it so that whether or not it's an extricably intertwined it's preserved. I can't think of a reason standing here as to why they might not do that although because they would have jurisdiction I guess over if it wasn't an extricably intertwined since it was timely appealed so I would think they should have the power to do that and it would be similar to the way the court of federal claims operates with respect to certain boards actions within the where they'll remand things for further development but retain jurisdiction. Any questions? Thank you Mr. Huckey Mr. Carpenter to my ears Mr. Huckey was the one defending the veterans today am I hearing that wrong? I believe so. Okay tell me why because he built a pretty good case there for how this system would work to prevent veterans from having to make the inextricably intertwined call that may prejudice them. Because that's what the advantage of knowing what the rule is. Mr. Tyrus didn't know what the rule was in 1998. He didn't know. He had the notice of appeal rights didn't he right in front of him? Yeah Didn't that tell him the rule? I don't believe it did your honor because he only made one claim. What the board of veterans appeals did was to say there is a potential alternative basis for your entitlement to the claim for compensation that you seek and we're going to split the baby. We're going to play Solomon here and we're going to send part of your claim back and we're going to deny part of your claim. Now does he know that the denial of his claim has been denied because one theory has been denied? I suggest that he does not and it's not fair to veterans to be deprived from the right that the government got in Brownlee to take an appeal at a time later when the administrative agency completed their review of all issues. All issues in this case were not resolved. When they were resolved in 2004 he took his appeal. This court has direct review of contract decisions. The veterans court has direct review of final board decisions. The question is is there the same right to the flexibility of finality to veterans as there is to the government in government contracts. Yeah, but couldn't that flexibility be achieved by the veteran taking a protective appeal and saying There is no basis for taking a protective appeal. When you take an appeal you have to challenge the error made by the board in making its decision. That appeal is premature because the claim is not final. But I thought Mr. Hockey was saying okay, the veteran could take a protective appeal and say this is my challenge to the decision but I think these are inextricably intertwined and we really ought to postpone this appeal until later. And that's taking as much of a chance as not taking the appeal at all because the court can reject that and say no, you have made no by the board in its decision. He'd say what the error is. He'd have his appeal there. Yeah, he'd say what the error is but he'd say look, I don't want to go to the trouble of briefing this now and I'm not sure that I'm really in the end going to complain about this because it may be that this other claim is resolved in my favor. So please, Veterans Court decide that this is inextricably intertwined. Send it back so that I can argue this at some later date. Respectfully, that's a judicial fashioning of a remedy that should have been provided for by Congress. Congress did not provide for that remedy by statute. The remedy that is available is an appeal of a final decision. The question is, is the final decision made in 1988 on the same claim for the same disability as was made in 2004? This is a final decision, isn't it? This is a final decision. We've got a final decision. No, I'm talking about the final decision in 1998. Was there a final decision in 1998 or did his claim not become final in 2004? Under the Brownlee analysis, the concept of flexibility is more flexible. Under this Court's decision in Smith v. Gober, this Court said that they were going to send it back without prejudice to continuing to challenge that decision without any consideration of the merits of the appeal of the denial of the one portion of Q v. New and Material evidence that was raised in the Smith case. That same analysis should be afforded to the veteran in appealing from the Board to the Veterans Court. And he should not be punished, he should not be deprived from the right to appeal in 2004 the alternative theory that was decided in 1998. Any further questions? Thank you very much.